Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
JUAN GODINEZ, *individually and on behalf of others similarly situated*,

               *Plaintiff*,

-against-

BEST WINGERS LLC (d/b/a BEST WINGERS),
AMGAD ELHOSSIENI, ANNEKA ELHOSSIENI,
AND TONY ELHOSSIENI,

               *Defendants.*

----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Juan Godinez, individually and on behalf of others similarly situated ("Plaintiff Godinez" or "Mr. Godinez"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Best Wingers LLC (d/b/a Best Wingers) ("Defendant Corporation"), Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni (collectively, "Defendants"), as follows:

### NATURE OF ACTION

    1.    Plaintiff Godinez is a former employee of Defendants Best Wingers LLC (d/b/a Best Wingers) Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni.

    2.    Best Wingers is a chicken wing outlet located at 711 Second Avenue, New York, NY 10016.

3. Upon information and belief, Defendants Amgad Elhossieni, Anneka Elhossieni and Tony Elhossieni serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the chicken wing outlet.

4. Plaintiff Godinez is a former employee of Defendants.

5. Plaintiff Godinez worked as a cook at Defendants' chicken wing outlet located at 711 Second Avenue, New York, N.Y. 10016.

6. Plaintiff Godinez regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Godinez appropriately for any hours worked over 40.

8. Further, Defendants failed to pay Plaintiff Godinez the required "spread of hours" pay for any day in which he worked over 10 hours.

9. Defendants' conduct extended beyond Plaintiff Godinez to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Godinez and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11. Plaintiff Godinez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-

2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Godinez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Godinez's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Godinez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Juan Godinez ("Plaintiff Godinez" or "Mr. Godinez") is an adult individual residing in Queens County, New York.

16. Plaintiff Godinez was employed by Defendants from approximately 2001 until on or about June 30, 2016. At all relevant times to this complaint, Plaintiff Godinez was employed by Defendants as a cook, food preparer, and porter.

3

17.     Plaintiff Godinez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate, and/or control a chicken wing outlet located at 711 Second Avenue, New York, New York 10016 under the name "Best Wingers" at all times relevant to this complaint.

19.     Upon information and belief, Best Wingers LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 711 Second Avenue New York, N.Y. 10016.

20.     Defendants Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni are individuals engaging in business within this judicial district during the relevant time period. Defendants Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni are sued individually in their capacity as owners, officers and/or agents of Defendant Corporation.

21.     Defendants Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or control significant functions of Defendant Corporation.  Defendants Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni determine the wages and compensation of the employees of Defendants, including Plaintiff Godinez, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a chicken wing outlet located at 711 Second Avenue, New York, N.Y. 10016.

23. Individual defendants Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25. Each defendant possessed substantial control over Plaintiff Godinez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Godinez, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Godinez, and all similarly situated individuals, and are Plaintiff Godinez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Godinez and/or similarly situated individuals.

28. Upon information and belief, individual defendants Amgad Elhossieni, Anneka Elhossieni, and Tony Elhossieni operate the Defendant Corporation as either an alter ego of

5

themselves, and/or fail to operate the Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

      (a)     failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

      (b)     defectively forming or maintaining the Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

      (c)     transferring assets and debts freely as between all Defendants;

      (d)     operating the Defendant Corporation for their own benefit as the sole or majority shareholders;

      (e)     operating the Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

      (f)     intermingling assets and debts of their own with the Defendant Corporation;

      (g)     diminishing and/or transferring assets of the Defendant Corporation to protect their own interests; and

      (h)     other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Godinez's employers within the meaning of the FLSA and NYLL.

30.     Defendants had the power to hire and fire Plaintiff Godinez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Godinez's services.

31. In each year from 2010 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.  For example, numerous items that were used in the preparation of fried chicken wings on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Godinez is a former employee of Defendants.

34. Plaintiff Godinez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Juan Godinez*

35. Plaintiff Godinez was employed by Defendants from approximately 2001 until on or about June 30, 2016.

36. At all relevant times, Plaintiff Godinez was employed by Defendants as a cook, food preparer, and porter.

37. Plaintiff Godinez regularly handled goods in interstate commerce such as condiments, sauces, and cleaning supplies.

38. Plaintiff Godinez's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Godinez regularly worked in excess of 40 hours per week.

40. From approximately August 2010 until on or about June 30, 2016, Plaintiff Godinez worked from approximately 11:00 a.m. until on or about 11:00 p.m. Mondays through Fridays and from approximately 12:00 p.m. until on or about 11:00 p.m. on Sundays (typically 71 hours per week).

41. Throughout his employment with defendants, Plaintiff Godinez was paid his wages in cash.

42. From approximately August 2010 until on or about August 2014, defendants paid Plaintiff Godinez $8.00 per hour.

43. From approximately August 2014 until on or about June 30, 2016, defendants paid Plaintiff Godinez $9.00 per hour.

44. Plaintiff Godinez's wages did not vary regardless of how many additional hours he worked in a week.

45. In fact, defendants frequently required Mr. Godinez to work 10 minutes past his scheduled departure time once or twice a week, and did not pay him for the additional time he worked.

46. In addition, defendants did not pay Mr. Godinez for his last six weeks of work and thus owe him an additional $3,840.00.

47. Defendants never provided Plaintiff Godinez with a meal break or rest period of any kind.

48. Defendants did not provide Plaintiff Godinez with a statement of wages with each payment of wages, as required by NYLL 195(3).

49. Plaintiff Godinez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. Defendants never provided Plaintiff Godinez with a written notice, in English and in Spanish (Plaintiff Godinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Godinez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

52. Defendants regularly required Plaintiff Godinez to work in excess of forty (40) hours per week without paying him the proper spread of hours pay and overtime wages.

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Godinez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

54. Defendants paid Plaintiff Godinez all his wages in cash.

55. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

56. By employing this practice, Defendants avoided paying Plaintiff Godinez at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

57. Defendants failed to post required wage and hour posters in the chicken wing outlet, and did not provide Plaintiff Godinez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Godinez's relative lack of sophistication in wage and hour laws.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Godinez (and similarly situated individuals) worked, and to avoid paying Plaintiff Godinez properly for (1) his full hours worked and (2) for overtime due.

59. Defendants failed to provide Plaintiff Godinez and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Godinez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Godinez brings his FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Best Wingers (the "FLSA Class").

62. At all relevant times, Plaintiff Godinez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

63. The claims of Plaintiff Godinez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

64.     Plaintiff Godinez repeats and realleges all paragraphs above as though fully set forth herein.

65.     At all times relevant to this action, Defendants were Plaintiff Godinez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Godinez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68.     Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Godinez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

69.     Defendants' failure to pay Plaintiff Godinez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

70.     Plaintiff Godinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

71.     Plaintiff Godinez repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Godinez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

73.     Defendants' failure to pay Plaintiff Godinez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74.     Plaintiff Godinez was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

75.     Plaintiff Godinez repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff Godinez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

77.     Defendants are liable to Plaintiff Godinez in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

78.     Plaintiff Godinez repeats and realleges all paragraphs above as though set forth fully herein.

79.     Defendants did not provide Plaintiff Godinez with wage statements upon each payment of wages, as required by NYLL 195(3).

80. Defendants are liable to Plaintiff Godinez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

81. Plaintiff Godinez repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to pay Plaintiff Godinez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Godinez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

83. Defendants' failure to pay Plaintiff Godinez an additional hour's pay for each day Plaintiff Godinez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

84. Plaintiff Godinez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Godinez respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and

14

associated rules and regulations under, the FLSA as to Plaintiff Godinez and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Godinez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Godinez and the FLSA class members;

(e)     Awarding Plaintiff Godinez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Godinez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Godinez and the members of the FLSA Class;

(h)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Godinez and the members of the FLSA Class;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Godinez's, and the FLSA Class members', compensation, hours, wages,

15

and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Godinez and the FLSA Class members;

(k)     Awarding Plaintiff Godinez and the FLSA class members damages for the amount of unpaid spread of hours pay and overtime wages, as well as damages for any improper deductions or credits taken against wages;

(l)     Awarding Plaintiff Godinez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(m)     Awarding Plaintiff Godinez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Awarding Plaintiff Godinez and the FLSA class members damages for Defendants' failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(o)     Awarding Plaintiff Godinez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Godinez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 12, 2016

                      MICHAEL FAILLACE & ASSOCIATES, P.C.

                      _____/s/ Michael Faillace_____
By:   Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 9, 2016

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre: **Juan Godinez Bazan**

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: *[signature]*

Date / Fecha: 09 de agosto de 2016

*Certified as a minority-owned business in the State of New York*