UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  02/21/2018
```

| | |
|---|---|
| Godinez et al., | |
| **Plaintiffs,** | 1:16-cv-06434 (JGK) (SDA) |
| -against- | **REPORT AND RECOMMENDATION** |
| Best Wingers LLC et al., | |
| **Defendants.** | |

STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.

TO THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE:

By Order dated November 18, 2016, the Court granted Plaintiff's motion for a default judgment in this wage-and-hour suit (ECF No. 29), and this case is now before me on an inquest to determine the amount of the default judgment. For the reasons set forth below, I recommend that the Court enter judgment against Defendants in the amount of $108,699.75 in damages, along with pre-judgment interest calculated as specified, and $4705.00 in attorneys' fees and costs.

## BACKGROUND

A.    **Established Facts as a Result of Defendants' Default[1]**

"Best Wingers" was the trade name of a chicken wing restaurant located at 711 Second Avenue, New York, New York 10016. (*See* Complaint dated Aug. 12, 2016 ("Compl."), ECF No. 1, ¶ 18.) The corporate defendant (*i.e.*, Best Wingers LLC), along with individual defendants, Amgad Elhossieni, Anneka Elhossieni and Tony Elhossieni (the "Individual Defendants") (collectively,

---

[1] In light of Defendants' default, the Court is required to accept all of Plaintiff's allegations as true, except for those pertaining to damages. *See, e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

"Defendants"), owned, operated and controlled the Best Wingers restaurant. (Compl. ¶¶ 18, 20-21.)

At all relevant times, Plaintiff Juan Godinez ("Godinez" or "Plaintiff") was an employee of the Best Wingers restaurant, as defined under the relevant provisions of the Fair Labor Standards Act ("FLSA"), 20 U.S.C. § 203(e), and the New York Labor Law ("NYLL"), NYLL § 651(5). (*See* Compl. ¶¶ 11, 16.)   Godinez worked for Defendants from approximately 2001 until June 30, 2016. (Compl. ¶¶ 16, 35; *see also* Declaration of Juan Godinez, dated Oct. 25, 2016 ("Godinez Decl."), ECF No. 27-10, ¶ 8.) Godinez was employed as a cook, food preparer and porter. (Compl. ¶¶ 16, 36; Godinez Decl. ¶ 9.)

Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL, with power to hire and fire Plaintiff, control the terms and conditions of his employment, and determine the rate and method of this compensation. (*See* Compl. ¶¶ 25, 29-30.) Defendants required Plaintiff to work more than forty hours per week but did not provide overtime compensation. (Compl. ¶ 52). Defendants also failed to pay Plaintiff for his final weeks of employment, and also failed to pay additional "spread of hours" compensation for days in which he worked more than 10 hours, as required by NYLL. (Compl. ¶¶ 8, 46, 52, 82.)

B.    **Procedural History**

Plaintiff filed his Complaint on August 12, 2016. (*See* ECF No. 1.) After having been served with a copy of the Complaint (Affs. of Service, ECF Nos. 13-16), the Defendants failed to answer. The Clerk of the Court certified that Defendants failed to respond to the Complaint and were in default. (Clerk's Certificates of Default, ECF Nos. 20-23.) Accordingly, the Court ordered Defendants to show cause by November 18, 2016 as to why a default judgment should not be

entered against them. (*See* Order to Show Cause, dated Nov. 1, 2016, ECF No. 26.) In support of

a default judgment, Plaintiff submitted the Declaration of Michael A. Faillace, dated October 25,

2016 ("Faillace Decl.") (ECF No. 27), together with exhibits in support.

On November 18, 2016, the Court granted Plaintiff's motion for a default judgment,

and referred the case to Magistrate Judge Ellis to conduct an inquest on damages. (Order of

Reference to a Magistrate Judge, ECF No. 30.) By letter dated December 19, 2016 (ECF No.

31), Plaintiff's counsel requested that the Court determine the amount of the default

judgment based upon Plaintiff's prior submissions. Plaintiff served those prior submissions

on Defendants on July 14, 2017. (Certificate of Service, ECF No. 32.) On September 14, 2017,

Judge Ellis ordered Defendants to file their response to Plaintiff's default judgment

submissions no later than September 29, 2017. (*See* Order, ECF No. 33.) This matter was

reassigned to this Court on December 4, 2017. To date, Defendants have failed to submit any

papers to the Court.

## DISCUSSION

### I.      Burden of Proof

Since a default judgment has been entered in Godinez's favor, the only remaining issue is

the amount of damages to which he is entitled. Godinez bears the burden of establishing his

entitlement to recovery and thus must substantiate his claims with evidence to prove the extent

of his damages. *See, e.g.*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158

(2d Cir. 1992).

Although the Court may hold a hearing to assess damages, a hearing is not required when

a sufficient basis on which to make a calculation exists. *See* Fed. R. Civ. P. 55(b)(2); *see also Fustok*

*v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Indeed, the Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok*, 873 F.2d at 40). Here, I rely on Plaintiff's sworn declarations, which contain the required evidentiary basis, to determine whether the requested damages are appropriate.

An employee seeking to recover unpaid wages has the burden of proving that he performed work for which he was not properly compensated. *See Angamarca v. Pita Grill 7 Inc.*, No. 11-CV-7777 (JGK) (JLC), 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012) (internal citation and quotations omitted). An employer is required to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . . ." 29 U.S.C. § 211(c); *see also* 12 N.Y. Compilation Codes R. & Regs. ("NYCRR") § 142-2.6. However, absent such documentation, an employee may establish his right by relying on his recollection alone. An affidavit that sets forth the number of hours worked is sufficient. *Angamarca*, 2012 WL 3578781, at *3 (internal citation and quotations omitted).

Once an employee has presented his evidence, an employer may then provide evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence; if the employer fails to do so, the court may enter judgment in the employee's favor, using her recollection to determine damages, even though the result be only approximate. *Angamarca*, 2012 WL 3578781, at *4 (internal citations and quotations omitted). Because Defendants have defaulted, Plaintiff's representations as to the dates he worked will be credited and his damages calculated on that basis.

II.      **Statutes of Limitations**

    A.  **Statutory Periods for Recovery under the NYLL and the FLSA**

Godinez asserts claims under both the NYLL and the FLSA. The statute of limitations is six years under the NYLL and two years under the FLSA. *See* NYLL § 663(3); 29 U.S.C. § 255(a). However, if an employer's acts are found to be "willful," the statute of limitations under the FLSA increases to three years. 29 U.S.C. § 255(a). The Complaint alleges that the acts of Defendants were willful (Compl. ¶¶ 55, 58, 69; Faillace Decl. ¶¶ 51-53), a fact the Court accepts as true given Defendants' default. *See, e.g.*, *Angamarca*, 2012 WL 3578781, at *4 (internal citations omitted). Therefore, the limitations period for the FLSA claims is three years.

    B.  **Impact of Longer Statutory Period under the NYLL**

Godinez may not recover under both the NYLL and the FLSA for the same injury. Therefore, Godinez will recover under the statute that provides him the greatest relief. *See Angamarca*, 2012 WL 3578781, at *4 (internal citations omitted). Since the Complaint was filed on August 12, 2016, August 12, 2013 is the earliest date for which Godinez may recover under the FLSA. Thus, Godinez cannot seek recovery for unpaid overtime under the FLSA for his employment between August 12, 2010 and August 11, 2013, although he may under the NYLL. Therefore, the Court will calculate damages under the NYLL for Godinez starting as of August 12, 2010.

III.     **Unpaid Regular Wages, Overtime Wages and Spread-of-Hours Pay**

    A.  **Legal Standards for Entitlement**

State and federal law require employers to pay to employees at least a minimum hourly rate for every hour they work. *See* 29 U.S.C. § 206(a); 12 NYCRR § 146-1.2. In August 2010, the minimum hourly wage in New York was $7.25. NYLL § 652 (incorporating federal minimum where

higher). The minimum wage was increased to $8.00 per hour as of December 31, 2013; to $8.75 as of December 31, 2014; and to $9.00 as of December 31, 2015. *Id*. Throughout his employment, Godinez was paid in cash at an hourly rate equal to or above the minimum wage, except for the period from May 23 to June 30, 2016, his last six weeks of work, when he was not paid anything. (Godinez Decl. ¶¶ 15-18.) He is entitled to be paid for his hours worked during his last six weeks of work.

In addition to setting a mandatory minimum wage, federal and state law also require that employers pay an overtime rate that is equal to one and one-half times the ordinary minimum wage for any time greater than forty hours that an employee works in a given week. 29 U.S.C. § 207(a); 12 NYCRR § 146-1.4. If an employee demonstrates that he has worked more than forty hours per week, he is entitled to recover the overtime rate for any hours in excess of forty. Here, Godinez was not compensated at the overtime rate for hours he worked in excess of forty per week (Godinez Decl. ¶¶ 13-14, 19-20), and therefore is entitled to damages as set forth below.

Under New York law, employees are also entitled to receive "spread of hours" compensation, equaling an extra hour's pay at the regular minimum wage for each day they work more than ten hours. *See* 12 NYCRR § 137-1.7, and its replacement as of December 29, 2010, 12 NYCRR § 146-1.6 (requir[ing] employers to pay employees an extra hour's pay at the minimum wage when their workday lasts longer than 10 hours); *see also Angamarca*, 2012 WL 3578781, at *6 (internal citations omitted). Because Defendants failed to pay Godinez any spread-of-hours compensation, Godinez is entitled to reimbursement for the days he worked in excess of ten hours.

**B.   Godinez's Regular Wages, Overtime Wages and Spread-of-Hours Pay**

Godinez was not paid overtime at the rate of one-and-a-half times his regular rate. Rather, he received an hourly rate that did not vary depending on the number of hours he worked each week. (Godinez Decl. ¶¶ 19-20.) Accordingly, to determine his unpaid overtime, his regular hourly rate is multiplied by 1.5 to determine the overtime rate he should have received. Godinez received $8.00 per hour for 71 hours of work per week from August 2010 until August 2014. His regular rate during this period was $8.00 per hour, and he should have received overtime pay of $12.00 per hour for the 31 weekly hours above 40 that he worked. (*See* Faillace Decl. ¶¶ 40-42 & Ex. K.)

Godinez received $9.00 per hour for 71 hours of work per week from August 2014 until May 22, 2016. His regular rate during this period was $9.00 per hour and he should have received overtime pay of $13.50 per hour for the 31 weekly hours above 40 that he worked. Plaintiff did not receive any pay from May 23, 2016 until June 30, 2016. His regular rate during this period was $9.00 per hour, and he should have received overtime pay of $13.50 per hour for the 31 weekly hours above 40 that he worked. (*See* Faillace Decl. ¶¶ 43-44 & Ex. K.) The total unpaid regular and overtime wages Godinez should have received is $40,997.50. (*Id*. ¶ 45 & Ex. K.)

Godinez also is entitled to spread-of-hours compensation — equaling an additional hour of minimum wage pay for every day worked longer than ten hours — because he worked 12-hour days throughout his employment. (Godinez Decl. ¶ 14.) The damages owed for a spread-of-hours claim are calculated by multiplying the number of days the employee worked more than 10 hours by the applicable minimum wage rate. *See* 12 NYCRR § 146-1.6. Godinez is entitled to

7

$14,238.00 in spread of hours pay. (*See* Faillace Decl., ¶ 48 & Ex. K.) In sum, Godinez's total compensation for unpaid regular wages, overtime wages and spread-of-hours pay is $55,235.50.

## IV.      Liquidated Damages

Godinez seeks liquidated damages under both the FLSA and the NYLL. A plaintiff is entitled to liquidated damages under the FLSA if he has established that Defendants failed to pay the proper minimum wage and overtime rate. Under the FLSA, an employer "shall be liable" to employees for both unpaid minimum wages and unpaid overtime in "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Godinez would be entitled to FLSA liquidated damages for the time he worked during the three-year period prior to the filing of the Complaint, because Defendants' acts were willful. 29 U.S.C. § 255(a).

The NYLL entitles Godinez to liquidated damages since Defendants' wage violation was "willful." NYLL §§ 198(1-a), 663(1). NYLL § 663(1) provides that Godinez is entitled to "liquidated damages equal to one hundred percent of the total such underpayments found to be due." The statute was amended, effective April 9, 2011, to raise the amount of liquidated damages from 25% to 100% of unpaid wages. *See* 2010 N.Y. Sess. Laws, ch. 564 (S.8380) (McKinney).

In *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59 (2d Cir. 2016), a non-precedential panel opinion of the Second Circuit refused to permit an award of liquidated damages under both the FLSA and the NYLL for the same violation, because it would amount to "double recovery." *Id*. at 60-61. This Court will follow the guidance of the Second Circuit panel,[2]

---

[2] *See Ortega v. JR Primos 2 Rest. Corp.*, No. 15-CV-9183 (JCF), 2017 WL 2634172, at *5 (S.D.N.Y. June 16, 2017) ("a district court is ill advised 'to flout germane guidance of a Circuit Court panel and to substitute its own conclusion of law'" (internal citation omitted)).

and recommends that liquidated damages only be provided under the statute that provides the greater relief, in this case, the NYLL.[3]

Godinez is entitled to liquidated damages on the total amount of unpaid regular and overtime wages and spread-of-hours compensation under the NYLL in amounts equaling 25% of the total amount owed for work performed prior to April 9, 2011 and 100% of the total amount for work performed beginning April 9, 2011. Thus, the Court finds that Godinez is entitled to liquidated damages under the NYLL in the amount of $37,835.50 for unpaid regular and overtime wages and $13,128.75 for unpaid spread of hours pay. (*See* Ex. K to Faillace Decl.)[4]

## V.      Wage Notice and Wage Statement Damages

Godinez also seeks to recover $2500.00 in damages for Defendants' failure to comply with Section 195(3) of the NYLL. Section 195(3) of the New York Labor Law requires employers to "furnish each employee with a statement with every payment of wages," listing several details, including the employee's "rate or rates of pay." Employers who fail to furnish any sort of wage statement are liable under the statute, as are "employers ... [who] fail to comply with all of [Section 195(3)'s] enumerated requirements." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 510 (S.D.N.Y. 2017) (internal citation omitted). Until February 27, 2015, an employer's failure to provide proper wage statements "was a violation for which plaintiffs could receive $100 per work week in damages, with a cap of $2500." *Id*.

---

[3] The NYLL provides the greater relief because under the FLSA, Godinez may not recover liquidated damages prior to August 12, 2013, but under the NYLL, he may recover liquidated damages going back to August 13, 2010. Further, the liquidated damages after August 12, 2013 under the NYLL are equal to the liquidated damages under the FLSA (*i.e.*, both are 100%).

[4] The Court reduced the liquidated damages on wages and overtime as shown in the last column on page 2 of 3 in Exhibit K to the Faillace Declaration, by cutting in half the amounts from August 13, 2013 through June 30, 2016, to eliminate the double recovery.

In the present case, Godinez was not provided with wage statements. (Godinez Decl. ¶¶ 23-24.) Thus, he is entitled to the statutory maximum of $2500.00 in damages.

**VI.**      **Pre–Judgment Interest**

Godinez seeks pre-judgment interest on his NYLL claims for unpaid wages and overtime, as well as spread-of-hours pay. Godinez is entitled under New York law to pre-judgment interest at the statutory rate of 9% per year. *See* N.Y. C.P.L.R. §§ 5001, 5004. Pre-judgment interest applies only to the amount of compensatory damages and excludes the amount of liquidated damages. *See Angamarca*, 2012 WL 3578781, at *9 (internal citation omitted). Where unpaid wages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). I recommend that pre-judgment interest be calculated by multiplying the principal amount due under the NYLL by the interest rate by the time period — from a singular, midpoint date — up until and including the date judgment is entered. *See Angamarca*, 2012 WL 3578781, at *9 (internal citation omitted).

As set forth in Section III.B., *supra*, for the period August 15, 2010 to June 30, 2016, the unpaid regular wages, overtime wages and spread-of-hours pay is $55,235.50. The midpoint between the two applicable dates is July 13, 2013. Therefore, to calculate the prejudgment interest due, a 9% annual interest rate should be applied to $55,235.50 through the date the judgment is entered.

**VII.     Attorneys' Fees and Costs**

Godinez also seeks $5305.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1-a), 663(1). (Faillace Decl. ¶¶ 66-69.) It is the Court's duty to determine if the attorneys' fees sought are reasonable. *See Angamarca*, 2012 WL 3578781, at *10.

**A.     Reasonable Hourly Rate**

District courts have broad discretion to determine a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011) (internal quotation marks and citations omitted). The reasonable rate is ordinarily determined by "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include taking "judicial notice of the rates awarded in prior cases …." *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005).

Plaintiff is represented by the firm Michael Faillace & Associates, P.C. ("Faillace Firm"). (Faillace Decl. ¶ 69.) Plaintiff seeks to recover fees for 10.9 hours of work performed by two attorneys, Michael Faillace and Jesse Barton. (*Id*.; Faillace Decl., Ex. L.) Mr. Faillace is the managing member of the firm and has been practicing since 1983, and has taught employment discrimination at the Fordham University and Seton Hall University law schools. (Faillace Decl. ¶ 69.) Plaintiff seeks reimbursement for Mr. Faillace's work at a rate of $450.00 per hour. Mr. Barton is an associate of Mr. Faillace and has been in practice since 2012. (*Id*.) Plaintiff seeks reimbursement for his work at a rate of $375.00 per hour. (*Id*.)

11

In a prior decision by Magistrate Judge Cott regarding the Faillace Firm, an hourly rate of $450.00 for Mr. Faillace and a rate of $200.00 for an associate with more experience than Mr. Barton were found to be reasonable. *See Angamarca*, 2012 WL 3578781, at *11. In a prior decision in the Eastern District of New York, the Court reduced Mr. Barton's hourly rate from $375.00 to $225.00. *See Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997 (DLI) (CLP), 2017 WL 5033650, at *27 (E.D.N.Y. Sept. 22, 2017). Based upon these precedents, the Court finds that, while Mr. Faillace's $450.00 hourly rate is reasonable, the hourly rate for Mr. Barton should be reduced to $225.00.

**B.      Reasonable Hours Expended**

Having determined the appropriate hourly billing rate, the Court next calculates the hours reasonably expended. *See Angamarca*, 2012 WL 3578781, at *12. The Court has examined the contemporaneous time records that identify, for each attorney, the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *See Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (internal citations omitted).

In the present case, Godinez's counsel documented a total of 10.9 hours, and the exhibit accounting for that time indicates Mr. Barton spent 4 hours working on the motion for default judgment. (*See* Faillace Decl., Ex. L.) Based upon the Court's review, the number of hours expended is reasonable. Plaintiff is therefore entitled to recover a total of $4005.00 in attorneys' fees for services rendered by the Faillace Firm. (*i.e.*, based on $3105.00 for 6.9 hours of Mr. Faillace's time and $900.00 for 4 hours of Mr. Barton's time).

**C.      Costs**

Lastly, Plaintiff seeks recovery of the $400.00 court filing fee and $300.00 in fees for executing service of process to the multiple Defendants. (Faillace Decl., Ex. L.) Pursuant to NYLL § 663(1), an employee who prevails in a wage-and-hour action is entitled to recover costs. NYLL § 663(1) ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees …."). The Court has reviewed Plaintiff's costs and determined that they are reasonable. Therefore, the Court recommends that Plaintiff be awarded $700.00 in costs.

## CONCLUSION

For the foregoing reasons, I recommend that judgment be entered in Plaintiff's favor against Defendants as follows: Godinez should be awarded $108,699.75 in damages,[5] along with pre-judgment interest as set forth above. I further recommend that Plaintiff be awarded $4705.00 in attorneys' fees and costs.

DATED:      New York, New York
            February 21, 2018

_Stewart d. aaron_
_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[5] The total damages for Godinez are calculated as follows: $55,235.50 (unpaid regular wages, overtime wages and spread-of-hours compensation) plus $2500.00 (wage notice and wage statement damages) plus $37,835.50 (liquidated damages on unpaid wages and overtime compensation) plus $13,128.75 (liquidated damages on unpaid spread-of-hours compensation) = $108,699.75.

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service

of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)

and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding

three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party

may respond to another party's objections within fourteen days after being served with a copy.

Fed. R. Civ. P. 72(b) (2). Such objections, and any response to objections, shall be filed with the

Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G.

Koeltl and the undersigned at the United States Courthouse, 500 Pearl Street, New York, New

York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Any requests for an extension of time for filing objections must be addressed to Judge Koeltl.

**THE FAILURE TO FILE THESE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF THOSE**

**OBJECTIONS FOR PURPOSES OF APPEAL.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);

*Thomas v. Arn,* 474 U.S. 140 (1985).

Chambers shall mail copies of this Report and Recommendation to Defendants at the

addresses set forth in Plaintiff's Certificate of Service (ECF No. 32).